QUINN EMANUEL URQUHART & SULLIVAN, LLP
Brian C. Cannon (Cal. Bar No. 193071)
briancannon@quinnemanuel.com
Bingxue (Allison) Que (Cal. Bar No. 324044)
allisonque@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2129
(650) 801-5055

Eric C. Stops (admitted *pro hac vice*)
ericstops@quinnemanuel.com
F. Dominic Cerrito (admitted *pro hac vice*)
nickcerrito@quinnemanuel.com
Angus Chen, Ph. D. (admitted *pro hac vice*)
anguschen@quinnemanuel.com
Brian P. Biddinger (Cal. Bar No. 224604)
brianbiddinger@quinnemanuel.com
Krista M. Rycroft (admitted *pro hac vice*)
kristarycroft@quinnemanuel.com
Catherine T. Mattes (admitted *pro hac vice*)
catherinemattes@quinnemanuel.com
Brian J. Forsatz, Ph.D. (admitted *pro hac vice*)
brianforsatz@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7120

Nathan Sun (Cal. Bar No. 284782)
nathansun@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

*Attorneys for Plaintiffs AbCellera Biologics Inc.
and The University of British Columbia*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ABCELLERA BIOLOGICS INC. AND THE UNIVERSITY OF BRITISH COLUMBIA, | Case No. 5:20-cv-08626-LHK-VKD (consolidated) |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE CERTAIN AFFIRMATIVE DEFENSES AND COUNTERCLAIMS FROM DEFENDANT'S ANSWER AND SECOND AMENDED COUNTERCLAIMS** |
| v. | |
| BERKELEY LIGHTS, INC., | |
| Defendant. | Date: December 2, 2021<br>Time: 1:30 pm<br>Place: Courtroom 8, 4th floor<br>Judge: Hon. Lucy H. Koh |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that, on December 2, 2021 at 1:30 pm the undersigned will appear before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California at the San Jose Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, CA 95113, and will and hereby do move on behalf of Plaintiffs AbCellera Biologics Inc. and The University of British Columbia (collectively, "Plaintiffs" or "AbCellera") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) for an order dismissing and striking the inequitable conduct counterclaims and affirmative defenses set forth in Defendant Berkeley Lights, Inc.'s ("Defendant" or "BL") Answer and Second Amended Counterclaims (Dkt. 75[1], Eighth Affirmative Defense and Counterclaim Count III) with prejudice.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and other papers on file in this action, any oral argument, and any other evidence that the Court may consider.

## ISSUE PRESENTED

Whether BL has (1) failed to adequately plead its inequitable conduct claims, thus warranting dismissal of the inequitable conduct counterclaims and affirmative defenses set forth in BL's Answer and Second Amended Counterclaims (Dkt. 75) pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) and (2) whether BL's assertion of new grounds of inequitable conduct violate this Court's July 1, 2021 Order and Fed. R. Civ. P. 15.

## RELIEF REQUESTED

AbCellera requests that the Court dismiss with prejudice and strike the Eighth Affirmative Defense and Counterclaim Count III set forth in BL's Answer and Second Amended Counterclaims (Dkt. 75) and the new grounds of inequitable conduct asserted therein.

---

[1]   Because BL's Answer and Second Amended Counterclaims submitted in 5:20-cv-08626-LHK-VKD, Dkt. 73 is substantively identical to the Answer and Second Amended Counterclaims it submitted in 5:20-cv-08627-LHK-VKD, Dkt. 75, for purposes of this Motion all citations to "Dkt. __" will be to the docket entries in Case No. 5:20-cv-08627-LHK-VKD unless otherwise noted.

DATED: August 5, 2021                    Respectfully submitted,

                                         By /s/ Brian C. Cannon
                                            Brian C. Cannon

                                            *Attorneys for Plaintiffs AbCellera Biologics Inc. and The University of British Columbia*

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION.................................................................................................1

BACKGROUND..................................................................................................2

LEGAL STANDARD ..........................................................................................3

ARGUMENT ......................................................................................................4

I.   BL'S NEW GROUNDS OF INEQUITABLE CONDUCT VIOLATE THIS
     COURT'S ORDER AND FED. R. CIV. P. 15 ................................................5

II.  BL FAILS TO ADEQUATELY PLEAD ANY INEQUITABLE CONDUCT
     CLAIMS ..........................................................................................................6

     A.   BL Fails To Plead With The Requisite Particularity That The '812 Patent
          Family Is Unenforceable Based On The Alleged Withholding Of Yasuda,
          Nassef, Gómez-Sjöberg, And Lee .............................................................7

          1.   BL Fails To Adequately Plead The "Who" Requirement ...........................7

          2.   BL Fails To Adequately Plead The "How"/"Why" Requirement.................9

          3.   BL Fails To Adequately Plead Intent ........................................................9

     B.   BL Fails To Plead With The Requisite Particularity That The '812 Patent
          Family Is Unenforceable Based On The Alleged Withholding Of Daridon ...........11

          1.   BL Fails To Adequately Plead The "Who" Requirement ...........................11

          2.   BL Fails To Adequately Plead The "How"/"Why" Requirement.................12

          3.   BL Fails To Adequately Plead Intent ........................................................12

     C.   BL Fails To Plead With The Requisite Particularity That The '812 Patent
          Family Is Unenforceable Based On The Alleged Withholding Of Several
          Love References ........................................................................................14

          1.   BL Fails To Adequately Plead The "Who" Requirement ...........................14

          2.   BL Fails To Adequately Plead Intent ........................................................15

     D.   BL Fails To Plead With The Requisite Particularity That The '408 Patent
          Family Is Unenforceable Based On The Alleged Withholding Of Balagadde ........16

          1.   BL Fails To Adequately Plead The "Who" Requirement ...........................16

          2.   BL Fails to Adequately Plead The "What" Requirement ...........................17

          3.   BL Fails To Adequately Plead The "How"/"Why" Requirement.................17

          4.   BL Fails To Adequately Plead Intent ........................................................17

-i-

E.  BL Fails To Plead With The Requisite Particularity That The '408 Patent Family Is Unenforceable Based On Alleged Misrepresentations Concerning Daridon ........................................................................................18

    1.  BL Fails To Adequately Plead The "Who" Requirement ............................18

    2.  BL Fails To Adequately Plead The "How"/"Why" Requirement................19

    3.  BL Fails To Adequately Plead Intent ........................................................20

F.  BL Fails To Plead With The Requisite Particularity That Several Patents In The '408 Patent Family Are Unenforceable Based On Alleged Withholding of the '812 Patent Family and Hansen 2010 ........................................................21

    1.  BL Fails To Adequately Plead The "Who" Requirement ............................21

    2.  BL Fails To Adequately Plead The "What" Requirement ...........................22

    3.  BL Fails To Adequately Plead The "How"/"Why" Requirement................22

    4.  BL Fails To Adequately Plead Intent ........................................................23

CONCLUSION .........................................................................................................24

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Abaxis, Inc. v. Cepheid*,
   No. 10-cv-02840-LHK, 2011 WL 1044396 (N.D. Cal. Mar. 22, 2011) ............................. 2

*Abaxis, Inc. v. Cepheid*,
   No. 10-cv-02840-LHK, 2011 WL 3741501 (N.D. Cal. Aug. 25, 2011) ...... 3, 10, 13, 15, 16

*Akzo v. U.S. Int'l Trade Comm'n*,
   808 F.2d 1471 (Fed. Cir. 1986) ........................................................................................ 19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................... 4, 10, 15

*Breville Pty Ltd. v. Storebound LLC*,
   2013 WL 1758742 (N.D. Cal. Apr. 24, 2013) ................................................................ 2, 6

*Cellectis S.A. v. Precision Biosciences*,
   883 F. Supp. 2d 526 (D. Del. 2012) ................................................................................. 19

*Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*,
   No. 19-CV-00802-LHK, 2021 WL 1405477 (N.D. Cal. Apr. 14, 2021) ......................... 3, 9

*Delano Farms Co. v. Cal. Table Grape Comm'n*,
   655 F.3d 1337 (Fed. Cir. 2011) ................................................................................. 1, 2, 6

*Diamond State Ins. Co. v. Marin Mountain Bikes, Inc.*,
   No. C 11–5193 CW, 2012 WL 6680259 (N.D. Cal. Dec. 21, 2012) .................... 14, 15, 20

*Exergen Corp. v. Wal-Mart Stores*,
   575 F.3d 1312 (Fed. Cir. 2009) ...................................................................... *passim*

*Fiskars, Inc. v. Hunt Mfg. Co.*,
   221 F.3d 1318 (Fed. Cir. 2000) ........................................................................................ 19

*Friends of the Earth v. Sanderson Farms, Inc.*,
   Case No. 17-cv-03592-RS, 2018 WL 10613016 (N.D. Cal. 2018) .................. 8, 14, 15, 20

*Hebert v. Lisle Corp.*,
   99 F.3d 1109 (Fed. Cir. 1996) ............................................................................................ 4

*IBM Corp. v. Priceline Grp. Inc.*,
   No. 15-137, 2017 WL 1349175 (D. Del. Apr. 10, 2017) ................................................... 7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................................ 3

*Molins PLC v. Textron, Inc.*,
   48 F.3d 1172 (Fed. Cir. 1995) ............................................................................................ 4

*Norian Corp. v. Stryker Corp.*,
   363 F.3d 1321 (Fed. Cir. 2004) ........................................................................................ 20

*PageMelding, Inc. v. ESPN, Inc.,*
    No. C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ............................... 4

*Philips N. Am. LLC v. Garmin Int'l, Inc.,*
    No. CV 19-06301-AB(KSX), 2020 WL 6064006 (C.D. Cal. Aug. 26, 2020) ................... 10

*Senju Pharm. Co. v. Apotex, Inc.,*
    921 F. Supp. 2d 297 (D. Del. 2013) ........................................................................... 11, 19

*Silingo v. WellPoint, Inc.,*
    904 F.3d 667 (9th Cir. 2018) ............................................................................................... 3

*Takeda Pharm. Co. v. TWi Pharm., Inc.,*
    87 F. Supp. 3d 1263 (N.D. Cal. 2015) .............................................................................. 19

*Tessenderlo Kerley, Inc. v. Or-Cal, Inc.,*
    No. C 11-04100 WHA, 2012 WL 1094324 (N.D. Cal. Mar. 29, 2012) ............................. 4

*Therasense, Inc. v. Becton, Dickinson & Co.,*
    649 F.3d 1276 (Fed. Cir. 2011) ................................................................................... 10, 16

*United States v. Lungwitz,*
    616 F.3d 993 (9th Cir. 2010) ............................................................................................... 1

*Warner Chilcott Co., LLC v. Amneal Pharm., LLC,*
    No. 11-5989, 2013 WL 6627694 (D.N.J. Dec. 20, 2013) ................................................ 13

### **Rules and Regulations**

Fed. R. Civ. P. 9(b) ...................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 3

Fed. R. Civ. P. 12(f) .................................................................................................................... 4

Fed. R. Civ. P. 15 ................................................................................................................ 4, 5, 6

MPEP § 716.01(c) ...................................................................................................................... 19

Case No. 5:20-cv-08626-LHK-VKD
PLAINTIFFS' MOTION TO DISMISS AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS

**INTRODUCTION**

2      Defendant's Second Amended Counterclaims fail to cure its inequitable conduct ("IC")

3    pleading deficiencies. Allegations of fraud, including IC, are subject to the heightened pleading

4    requirements of Federal Rule of Civil Procedure 9(b). *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d

5    1312, 1328 (Fed. Cir. 2009). To survive a motion to dismiss, pleadings must "state with particularity

6    the circumstances constituting fraud," including "the who, what, when, where, and how of the

7    misconduct charged." *United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

8      Recognizing that its original IC theories failed to satisfy the heightened pleading

9    requirements of Rule 9(b), BL has amended its counterclaims in a futile attempt to survive a motion

10   to dismiss. But BL's amendments are little more than cosmetic changes that do not rectify the

11   fundamental failings of its pleadings. For example, BL's original counterclaims failed to adequately

12   plead the "who" of IC and instead largely accused the "applicant" of wrongdoing. For its second

13   amended counterclaims, BL attempted to "fix" its existing counterclaims by instead robotically

14   listing the names of inventors and every attorney of record in a misguided attempt to make its IC

15   grounds appear more facially palatable. But BL still has not pled any individual's knowledge of the

16   specific allegedly material information. Indeed, over a year into this litigation and in possession of

17   all of the available laboratory notebooks of the inventors, BL notably has not adduced any actual

18   facts to plead but instead heavily relies on attorney argument and baseless conjecture that cannot

19   satisfy its pleading requirements.

20     Additionally, in violation of the Court's July 1, 2021 Order that permitted BL to amend only

21   its *existing* IC claims, BL further pled several new grounds of IC in its second amended

22   counterclaims. Those new grounds are entirely based on public information that was available to

23   BL prior to its filing of its original IC claims and BL provides no explanation for their late addition.

24   In any event, BL's new counterclaims contain the same pleading deficiencies and also fail to satisfy

25   the requirements of Rule 9(b).

26     BL fails to plead sufficient facts for the Court to "reasonably infer that a specific individual

27   both knew of invalidating information that was withheld from the PTO and withheld that

28   information with a specific intent to deceive the PTO." *Delano Farms Co. v. Cal. Table Grape*

*Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011).[2] Additionally, in order to adequately plead IC, the claimant must "recite[] facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO'" *Breville Pty Ltd. V. Storebound LLC*, 2013 WL 1758742, at *4 (N.D. Cal. Apr. 24, 2013) (quoting *Delano Farms* , 655 F.3d at 1350).

For its theories, BL fails to plead the "who," "what," and/or "how." Therefore, the Court cannot, as a matter of law, infer the requisite intent to deceive.

## **BACKGROUND**

On July 9, 2020, AbCellera filed a complaint for patent infringement in Delaware against BL. AbCellera subsequently filed two additional patent infringement actions against BL in Delaware. *See* 20-cv-08624, Dkt. 38 (describing the three cases with relation in this District). In the Delaware actions, BL asserted substantively identical IC counterclaims and affirmative defenses against all asserted patents across the Delaware Actions. *See* Case No. 20-cv08627, Dkt. 27; Case No. 20-cv-08626, Dkt. 27; and Case No. 20-cv-08624, Dkt. 18. AbCellera moved to dismiss and to strike BL's IC allegations in the Delaware Actions under Rules 12(b)(6) and 12(f) because they failed to meet the stringent pleading requirements. Dkt. 31.

On December 7, 2020, after a contested motion and over AbCellera's objection, the Delaware court transferred all three cases to this District, one of which was assigned to this Court. Dkt. 35. In connection with the transfer, the pending motions to dismiss and to strike BL's IC allegations were administratively terminated with leave for AbCellera to refile within 21 days after the actions docketed in the N.D. Cal., which AbCellera did on December 28, 2020. Dkt. 44.

On July 1, 2021, the Court granted BL permission to amend its counterclaims and denied as

---

[2]   Because both an affirmative defense and a counterclaim asserting inequitable conduct must meet the particularity requirements dictated by Rule 9(b), BL's counterclaims and affirmative defenses "for inequitable conduct rise or fall together." *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del. 2013); *see also Abaxis, Inc. v. Cepheid*, No. 10-cv-02840-LHK, 2011 WL 1044396, at *8 (N.D. Cal. Mar. 22, 2011) ("*Abaxis I*") (Koh, J.) (finding that defendant's inequitable conduct allegations were "inadequate" and dismissing both its inequitable conduct counterclaim and affirmative defense).

moot AbCellera's motion to dismiss and strike BL's IC allegations. Dkt. 74. The Court stated that "Plaintiffs may file another motion to dismiss once Defendant files second amended pleadings or the deadline for amendment has passed. The Court cautions Defendant that deficient counterclaims and affirmative defenses will be dismissed with prejudice if, on review of the merits, the Court finds that Defendant's second amended pleadings have failed to cure the deficiencies identified in this Order and in Plaintiffs' instant motion to dismiss, ECF No. 40." Dkt. 74 at 12. The Court also cautioned Berkeley that "Defendant may not add new affirmative defenses, counterclaims, or parties without a stipulation or leave of the Court." *Id*.

On July 22, 2021, BL filed an answer and second amended counterclaims, which contained several new grounds of inequitable conduct in contravention of the Court's July 1, 2021 Order and also failed to substantively amend its existing grounds of IC with the requisite specificity required by Fed. R. Civ. P. 9(b). Dkt. 75.

## LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Allegations of fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840-LHK, 2011 WL 3741501, at *3 (N.D. Cal. Aug. 25, 2011) ("*Abaxis II*") (Koh, J.) (applying Rule 9(b) standard to inequitable conduct); *Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*, No. 19-CV-00802-LHK, 2021 WL 1405477, at *6-10 (N.D. Cal. Apr. 14, 2021) (Koh, J.). Under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened pleading standard was meant to give a party "notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018).[3]

"A motion to dismiss a counterclaim brought pursuant to FRCP 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Tessenderlo Kerley, Inc. v. Or-*

---

[3] All internal citations and quotations omitted, unless otherwise noted.

*Cal, Inc.*, No. C 11-04100 WHA, 2012 WL 1094324, at *2 (N.D. Cal. Mar. 29, 2012). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft* 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Within this district . . . there is widespread agreement that" "*Iqbal* and *Twombly* apply to affirmative defenses." *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012) (collecting cases).

A pleading alleging inequitable conduct must satisfy the particularity requirements of Rule 9(b) by setting forth the "who, what, when, where, and how" of the material misrepresentation or omission. *Exergen Corp.*, 575 F.3d at 1328. "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Id.* at 1326-27. Although Rule 9(b) permits general averments of malice, intent, knowledge, and other conditions of the mind, the pleading must allege sufficient underlying facts to support a reasonable inference that the party acted with the requisite state of mind. *Id.* at 1327. "The relevant 'conditions of mind' for inequitable conduct include: (1) knowledge of . . . the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO." *Id.* (citing *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)).

## ARGUMENT

For the reasons discussed below, BL's IC claims should be dismissed and stricken because (1) BL's new grounds for IC violate this Court's Order and Fed. R. Civ. P. 15 and (2) because BL's amended pleadings fail to meet the stringent pleading standards required for such allegations.

# I. BL'S NEW GROUNDS OF INEQUITABLE CONDUCT VIOLATE THIS COURT'S ORDER AND FED. R. CIV. P. 15

In violation of this Court's July 1, 2021 Order and Fed. R. Civ. P. 15, BL improperly added new grounds of unenforceability that were not previously raised in its motion to amend its answer and counterclaims. Specifically, BL now for the first time asserts the following new claims that:

1) the '812 patent family is unenforceable based on the alleged intentional withholding of 4 new references: U.S. Pat. No. 7,776,553 ("Love 2"); Love, J. C. et al., Nature Biotechnology 24(6), 703-707 (2006) ("Love 3"); Love, K. R. et al., Biotechnology and Bioengineering 106(2), 319-325 (2010) ("Love 4"); and the '936 patent specification (*see id.* ¶¶ 182-234); and

2) several patents from the '408 patent family are unenforceable based on the alleged intentional withholding of "the '812 patent family" and the Hansen 2010 reference (*see* Dkt. 75 ¶¶ 107-146).

These new claims / references were not part of BL's original amended answers nor included as part of its motion to amend to add the unfair competition counterclaims.

This Court's July 1, 2021 Order expressly stated that "Defendant may not add new affirmative defenses, counterclaims, or parties *without a stipulation or leave of the Court*." Dkt. 74 at 12 (emphasis added). Rather, the Court permitted BL only to fix its current pleadings to "cure the deficiencies" that had been identified in the Order as well as in AbCellera's motions to dismiss. *Id.* ("[D]eficient counterclaims and affirmative defenses will be dismissed with prejudice if, on review of the merits, the Court finds that Defendant's second amended pleadings have failed to cure the deficiencies *identified in this Order and in Plaintiffs' instant motion to dismiss*.") (emphasis added). BL's two new groups of claims do not cure any "identified deficiencies"; rather, they are new, independent grounds of alleged inequitable conduct.

BL will no doubt argue that these two categories of references are not "new counterclaims" and therefore do not violate the Court's Order. BL's interpretation is form over substance. Grafting brand new grounds of inequitable conduct into its pleadings is exactly what the Court admonished BL *not to* do. Indeed, in its opposition to AbCellera's original motion to dismiss, BL admitted that each claim of inequitable conduct allegations were independent and distinct grounds for unenforceability. *See* Dkt. 46 at 2 ("BLI pled multiple *grounds* of inequitable conduct, each of which satisfied these requirements and which were presented in its counterclaims and defenses in three

groups . . . .". Regardless, whether it is formally a new counterclaim or not, these additions are not in line with the Court's directive in its July 1 Order. If BL wanted to include these arguments, it should have done so pursuant to Fed. R. Civ. P. 15 and this Court's Order, by seeking either a stipulation from AbCellera or leave of the Court to make these additional amendments to its Answers and Counterclaims. BL did neither.

Accordingly, AbCellera requests that these new counterclaims be stricken and dismissed from the case with prejudice.

## II.     BL FAILS TO ADEQUATELY PLEAD ANY INEQUITABLE CONDUCT CLAIMS

BL's allegations fail to meet the stringent pleading standard for IC set forth in *Exergen* in that they fail to identify the "specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." 575 F.3d at 1328. Additionally, to adequately plead inequitable conduct, the claimant must "recite[] facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Breville Pty Ltd. v. Storebound LLC*, 2013 WL 1758742, at *4 (N.D. Cal. Apr. 24, 2013) (quoting *Delano Farms Co.*, 655 F.3d at 1350).

For purposes of this motion, Defendant's IC allegations fall into six groups:

- the patents in the '812 patent family are allegedly unenforceable based on the alleged withholding of four references, Yasuda, Nassef, Gómes-Sjöberg, and Lee;

- the patents in the '812 patent family are allegedly unenforceable based on the alleged withholding of the Daridon reference;

- the patents in the '812 patent family are allegedly unenforceable based on the alleged withholding of the Love references;

- the patents in the '408 patent family are allegedly unenforceable based on the alleged withholding of the Balagadde reference;

- the patents in the '408 patent family are allegedly unenforceable based on an alleged misrepresentation regarding the Daridon reference; and

- the patents in the '408 patent family are allegedly unenforceable based on an alleged withholding regarding the '812 patent family and the Hansen 2010 reference.

As set forth below, BL fails to adequately plead that any specific individual: (1) knew of the withheld allegedly material information[4] or the falsity of the material representation; and (2) withheld or misrepresented this information with a specific intent to deceive the PTO. Because BL fails to allege the specifics of the purported IC—i.e., the "who," "what," and/or "how," the Court cannot, as a matter of law, infer the requisite intent to deceive the PTO. Accordingly, BL's IC defenses and counterclaims fail and should be dismissed/stricken.[5]

     **A.    BL Fails To Plead With The Requisite Particularity That The '812 Patent Family Is Unenforceable Based On The Alleged Withholding Of Yasuda, Nassef, Gómez-Sjöberg, And Lee**

BL fails to plead the requisite "who" or "how"/"why" for these alleged theories of IC based on Yasuda, Nassef, Gómez-Sjöberg, and Lee. As explained above, the law is clear that deceptive intent cannot be inferred if the pleading is silent as to "who" allegedly deceived the PTO or as to "how" the omission is material and not cumulative to the art already of record. *Exergen*, 575 F.3d at 1328-29 (intent requires that "a specific individual . . . withheld or misrepresented this information with a specific intent to deceive the PTO.").

           1.    BL Fails To Adequately Plead The "Who" Requirement

BL's amended pleadings do little more than change their prior vague references to "Applicant or its counsel" to names cobbled together from the prosecution history of the '812 patent family without any substantive basis. BL does not allege any actual facts that attribute knowledge

---

[4]    AbCellera disagrees with BL's allegations of "materiality" of each of the references, but that is beyond the scope of the instant motion. Notably, in light of BL's allegations and out of an abundance of caution, AbCellera submitted each of BL's allegedly withheld references and alleged misrepresentations to the Patent Office in currently pending applications. In the pending application from the '408 patent family, the Patent Office considered Balagadde as well the alleged misrepresentations concerning Daridon, found them not to be material, and issued the application as U.S. Patent No. 11,072,772 on July 27, 2021. In the pending application from the '812 patent family, the Patent Office considered Love, Yasuda, Nassef, Gómez-Sjöberg, Lee, and Daridon. *See* Dkt. 75-1 at ¶ 211. The Patent Office did *not* issue any rejections over Yasuda, Nassef, Gómez-Sjöberg, Lee, or Daridon meaning that it did not find any of them material to the patentability of the application. *Id* at ¶¶ 211-214.

[5]    If the Court finds that any one of BL's IC allegations are sufficiently pled, it should nevertheless dismiss the remaining insufficiently pled IC theories. *IBM Corp. v. Priceline Grp. Inc.*, No. 15-137, 2017 WL 1349175, at *6-8 (D. Del. Apr. 10, 2017) (Burke, M.J.) (addressing each disparate IC theory, despite the fact that they were all lumped together).

of the alleged material information to the newly-named individuals. *See, e.g.,* Dkt. 75 ¶ 248 (Yasuda); ¶ 269 (Nassef); ¶ 171 (Gómez-Sjöberg); and ¶ 306 (Lee). For example, for Dr. Thomas Cawley, BL simply alleges "On information and belief, Dr. Cawley read the prosecution histories of the prior applications in the '408 patent family, as any prudent patent prosecutor would do when taking over prosecution of whole families of patents, and understood [the] disclosure." *See, e.g.,* Dkt.75 ¶ 246 (Yasuda); and ¶ 267 (Nassef). However, this is pure speculation. *See Friends of the Earth v. Sanderson Farms, Inc.*, Case No. 17-cv-03592-RS, 2018 WL 10613016, at *3 (N.D. Cal. 2018) ("Moreover, where the bulk of Plaintiffs' allegations are qualified with the phrase "on information and belief," [it] creates the inference that Plaintiffs likely lack knowledge of underlying facts to support the assertion, and are instead engaging in speculation to an undue degree. Plaintiffs may not assert general, unsubstantiated fraud charges as a pretext for the discovery of unknown wrongs.") (internal citations omitted).

For Mr. Rubin[6] as well as other named individuals, BL alleges that their participation in the prosecution of the '408 patent family where these references were discussed somehow provided them with the knowledge of the specific material information. *See, e.g.,* Dkt. 75 ¶¶ 243-244 (Yasuda); ¶¶ 260, 265-266 (Nassef); ¶ 304 (Lee). For example, for Nassef, BL alleges that "Mr. Rubin could not have failed to see [Figure 1A] when he reviewed Nassef to respond to the December 14, 2018 rejection in the prosecution of the '936 patent. Any person having any familiarity with any of the '812 family of patents would have immediately understood the pertinence of Nassef Figure 1A to the claims." *Id.* ¶ 260. Again, this is purely speculative and BL has not provided any basis for this alleged conclusion.

BL also attempts to attribute knowledge of the alleged material information for Gómez-Sjöberg and Lee by pointing to the fact that these references are cited in inventor publications or in the specification of the '408 patent family. *See, e.g., id.* ¶¶ 281-283 (Gómez-Sjöberg), ¶¶ 302-304 (Lee). However, the "who" must be someone who specifically knew of the particular information

---

[6] Michael Rubin, one of the attorneys involved in the prosecution of the patents-in-suit, features prominently in BL's IC pleadings as a focus of BL's baseless attorney arguments of wrongdoing. BL likely focuses its baseless aspersions and attorney argument on Mr. Rubin because he recently passed away and is unable to defend himself.

in the references alleged to be material *and* who deliberately decided to withhold that knowledge. *See Exergen*, 575 F.3d. at 1330 ("[O]ne cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material *information* contained in that reference."); *FMC Corp.*, 835 F.2d at 1415 (requiring actual knowledge of the existence of the information alleged to be material).

### 2. BL Fails To Adequately Plead The "How"/"Why" Requirement

BL's pleadings also fail to satisfy the "how"/"why" requirement, namely, the explanation of how the omission is material and not cumulative to the art already of record. This requirement is not satisfied when the pleading "does not identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *See Exergen*, 575 F.3d at 1329. As the Federal Circuit explained, "[s]uch allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329-30; *Certainteed* 2021 WL 1405477, at *8 (finding a failure to plead how "an examiner would have used [the withheld] information in assessing the patentability of the claims … is fatal to the adequacy of [the] pleading of inequitable conduct").

For each of the four references, BL makes the identical conclusory pleadings:

> [The reference's] teachings . . . are material prior art to the claims of the patents in the '812 patent family. Dkt. 75 ¶¶ 238, 256, 276, and 294.

> For each independent claim in the '812 patent family, [the reference] discloses or suggests the step of that claim that the Examiner stated was absent from the prior art when stating the reason for allowance of the claim. *Id.* ¶¶ 247, 268, 286, and 305.

These allegations fail to plead any facts, let alone with the requisite particularity, regarding how any of the references are material to specific claims and not cumulative to the art of record. BL accordingly fails to sufficiently plead the "how" (and "why") requirement.

### 3. BL Fails To Adequately Plead Intent

Because BL does not set forth "who" allegedly committed the inequitable conduct with respect to these references, the Court cannot assess whether any specific individual acted with the

requisite deceptive intent. And the pleading contains no other particularized allegation from which the Court can infer deceptive intent. Instead, BL's "intent" allegation for all four references, is the following conclusory, boilerplate recitation:

> The failure to cite [the prior art references] during prosecution of any of the asserted patents in the '812 patent family was a material omission and/or misrepresentation to the Patent Office, and a failure to comply with the duty of candor and good faith. *Upon information and belief, [Applicant's and its counsel's] failure to disclose this prior art reference was intentional, and with the intent to deceive the Patent Office.*

Dkt. 75 ¶¶ 250; 271; 289 308 (emphasis added). Merely stating there was an intent to deceive the PTO, without supporting facts, does not make it so. *Ashcroft*, 556 U.S. at 678 ("a formulaic recitation of the elements of a cause of action will not do."). Instead, BL's IC claims must fail because its pleadings do not provide the necessary information for the Court "to reasonably infer that any specific individual both knew of the invalidating information and had a specific intent to deceive the PTO." *Abaxis II*, 2011 WL 3741501, at *4. Even if BL adequately alleged that (1) a specific individual knew of a reference, (2) should have known of its materiality, and (3) decided not to submit it to the PTO—and it did not—more is required to prove "specific intent to deceive." *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011); *see also Abaxis II*, 2011 WL 3741501, at *6 (applying *Therasense* and dismissing inequitable conduct counterclaim and affirmative defense for failure to adequately plead specific intent). BL's pleading falls far short of that standard.

Moreover, to the extent that BL argues that the prosecuting attorneys must have known of the references because they were cited during prosecution of the '408 patent family, mere knowledge is insufficient to infer an intent to deceive. *See Philips N. Am. LLC v. Garmin Int'l, Inc.*, No. CV 19-06301-AB (KSX), 2020 WL 6064006, at *4 (C.D. Cal. Aug. 26, 2020) ("Courts have consistently held that allegations that an applicant disclosed a reference during prosecution of one application, and not another, do not meet the threshold level of deceptive intent."). This is especially true here because there is no allegation that any particular individual knew of the particular claim elements that BL asserts were disclosed in said references.

By failing to plead the requisite "who" or "how," and therefore the deceptive intent, with the requisite particularity, BL fails to properly state a claim. *See Senju*, 921 F. Supp. 2d at 307 (failure to plead even one of "who, what, when, where, and how," with particularity is fatal under Rule 9(b)); *see also Exergen*, 575 F.3d at 1330 (same). BL's inadequately pled theories that the '812 patent family is unenforceable based on the alleged withholding of each of Yasuda, Nassef, Gómez-Sjöberg, and Lee are therefore insufficient.

**B.** **BL Fails To Plead With The Requisite Particularity That The '812 Patent Family Is Unenforceable Based On The Alleged Withholding Of Daridon**

BL also fails to plead the requisite "who" or "how"/"why" and, therefore, fails to plead deceptive intent for the alleged withholding of the Daridon reference.

1. BL Fails To Adequately Plead The "Who" Requirement

BL again fails to satisfy the "who" requirement. It asserts that two of the attorneys involved in prosecution of certain patents in the '812 patent family, Dr. Cawley and Mr. Rubin, and the inventor Carl Hansen were aware of the Daridon reference merely because it was cited and discussed in the prosecution of the '408 patent family. *See* Dkt. 75 ¶¶ 160-165. Even accepting these allegations as true, BL's pleading fails. Under *Exergen*, pleading general knowledge of a reference is insufficient. Instead, the "who" must be someone who "both knew of the material information *and deliberately withheld* or misrepresented it." *See* 575 F.3d at 1329-1330 (emphasis added); *FMC Corp.*, 835 F.2d at 1415 (requiring actual knowledge of the existence of the information alleged to be material). For Dr. Hansen, BL has at best alleged that Dr. Hansen attended an examiner interview where Daridon may have been discussed. Dkt. 75 ¶¶ 163-164. However, there is no indication that the alleged specific material information from the 148 pages of Daridon was specifically discussed. For Dr. Cawley, BL simply states "on information and belief" that as a "prudent patent prosecutor" he would have "read the prosecution histories of the prior applications in the '408 patent family" and "understood Daridon's disclosure." *Id.* ¶ 165. This, however, is pure attorney speculation. For Mr. Rubin, BL has not alleged any more than that Mr. Rubin *must have* reviewed the Daridon reference in full and knew of the material information because he submitted responses in the '408 patent prosecution. *Id.* ¶¶ 160-161. This is insufficient attorney argument. BL has not pled facts

1   showing that any of Mr. Rubin, Dr. Cawley or Dr. Hansen knew of the material information and

2   deliberately withheld it.

3        BL's failure to plead that the accused individuals knew of the specific alleged material

4   information is the same problem addressed in *Exergen*:

5            [The] pleading does not contain specific factual allegations to show
             that the individual who had previously cited the [reference] knew of
6            the specific information that is alleged to be material . . . and then
             decided to deliberately withhold it from the relevant examiner. In the
7            absence of such allegations, the district court was correct not to draw
             any permissive inference of deceptive intent with regard to the . . .
8            patent, lest inequitable conduct devolve into "a magic incantation to
             be asserted against every patentee" and its "allegation established
9            upon a mere showing that art or information having some degree of
             materiality was not disclosed."
10

11  575 F.3d at 1331. General knowledge of a reference, by itself, is insufficient because "[a] reference

12  may be many pages long, and its various teachings may be relevant to different applications for

13  different reasons." *Id.* at 1330. The failure to allege that any particular individual was specifically

14  aware of the particular teachings in the 148 pages of Daridon is fatal to its allegations.

15               2.    BL Fails To Adequately Plead The "How"/"Why" Requirement

16       BL's pleading fails to satisfy the "how"/"why" requirement. As with each reference

17  discussed above in Section A, BL makes the identical conclusory pleadings for Daridon:

18           Daridon's teachings . . . are material prior art to the claims of the
             patents in the '812 patent family. Dkt. 75 ¶ 151.
19

20           For each independent claim in the asserted patents of the '812 patent
             family, Daridon discloses or suggests the step of that claim that the
21           Examiner stated was absent from the prior art when stating the reason
             for allowance of the claim. *Id.* ¶ 177.
22

23  These allegations fail to plead any facts, let alone with particularity, regarding how any of the

24  references are material to ***specific claims*** and not cumulative to the art of record. BL accordingly

25  fails to sufficiently plead the "how" (and "why") requirement.

26               3.    BL Fails To Adequately Plead Intent

27       Here, BL, does not plead that either Dr. Cawley, Mr. Rubin or Dr. Hansen were aware of the

28  alleged material information in Daridon (i.e., "who") or "how" that alleged material information is

PLAINTIFFS' MOTION TO DISMISS AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS

material and not cumulative to art of record. BL's "intent" pleading for Daridon contains the same

conclusory boilerplate language as discussed for the references discussed above in Section A:

> The failure to cite Daridon during prosecution of any of the asserted patents in the '812 patent family was a material omission and/or misrepresentation to the Patent Office, and a failure to comply with the duty of candor and good faith. Upon information and belief, Carl Hansen's, Michael Rubin's, and Thomas Cawley, Jr.'s failure to disclose this prior art was intentional, and with the intent to deceive the Patent Office.

Dkt. 75 ¶ 180. But without alleging that any individual knew of the allegedly material information

in Daridon *and deliberately withheld* or misrepresented it, or how the information is material and

non-cumulative, the pleading is deficient. *See Exergen*, 575 F.3d at 1329.

BL cannot simply declare in conclusory fashion, without facts, that there was an "intent to

deceive the Patent Office." Nor can BL ask this Court to infer that Dr. Hansen, Dr. Cawley, or Mr.

Rubin intended to deceive the PTO merely because they allegedly knew of the Daridon reference in

general. Instead, the pleading must "result in the single most reasonable inference being that the

team decided to deliberately withhold [the reference] from the relevant examiner." *Garmin Int'l,

Inc.*, 2020 WL 6064006, at *4; *see also Warner Chilcott Co., LLC v. Amneal Pharm., LLC*, No. 11-

5989, 2013 WL 6627694, at *9 (D.N.J. Dec. 20, 2013) (pleading must "allege facts from which the

Court may infer that [the person accused of inequitable conduct] was aware of the [reference's]

materiality or that he had the opportunity to disclose it *and deliberately decided against it*."

(emphasis added)); *see also Abaxis II*, 2011 WL 3741501 , at *5 ("[T]he mere fact that an applicant

disclosed a reference during prosecution of one application, but did not disclose it during

prosecution of a related application, is insufficient to meet the threshold level of deceptive intent

required to support an allegation of inequitable conduct."). Because BL's pleadings contain no such

factual allegations, there likewise are no allegations from which the Court may infer that these

attorneys *deliberately* decided to withhold that knowledge.

As such, the pleading is deficient and should be dismissed/stricken.

**C. BL Fails To Plead With The Requisite Particularity That The '812 Patent Family Is Unenforceable Based On The Alleged Withholding Of Several Love References**

BL's original inequitable conduct counterclaim was based on U.S. Published Patent Application 2011/0281764 ("Love"). But, as discussed above, BL's current withholding argument is now also based on several Love references (Love 2-4) and the '936 patent specification—all of which were available to BL prior to BL's filing of its original counterclaims—which should be stricken for violating the Court's Order and Rule 15. Dkt. 75 ¶¶ 182-234. In addition, BL still fails to plead the requisite "who" and, therefore, fails to plead deceptive intent for the alleged withholding of the Love references.

1. BL Fails To Adequately Plead The "Who" Requirement

BL now pleads that "AbCellera CEO Carl Hansen and his counsel Michael Rubin, Carol Francis, and Thomas Cawley, Jr. knew the details of Prof. Love's research, but did not disclose them to the Examiner in any of the asserted patents in the '812 patent family." Dkt. 75 ¶ 185.

*First*, with respect to Dr. Hansen and the three attorneys, (Rubin, Francis, and Cawley), BL pleads only general knowledge based on their submission of Love in the '408 patent family prosecution and on general references to Love 3 and Love 4 the '936 patent specification. Dkt. 75 ¶¶ 186, 195-199. BL then presumes that all four individuals somehow have specific knowledge of the allegedly material information in the Love references. Dkt. 75 ¶ 200. But BL's pleading with respect to knowledge of the allegedly *specific* material information is pure attorney argument and is devoid of any citation showing knowledge by any of the four named individuals. *Friends of the Earth,* 2018 WL 10613016, at *3; *see also Diamond State Ins. Co. v. Marin Mountain Bikes, Inc.,* No. C 11–5193 CW, 2012 WL 6680259, at *15 (N.D. Cal. Dec. 21, 2012) (granting motion to dismiss where defendant had "made only conclusory allegations, or allegations founded 'upon information and belief, without providing any factual basis upon which its 'information and belief' is based.")

*Second*, with respect to Dr. Hansen only, BL pleads knowledge of Love based on a tortured chain of suppositions. Specifically, BL argues that Dr. Hansen would have found a reference to Love 3 buried at reference 14 in an over 200 page thesis by one of Dr. Hansen's graduate students,

and then determine that the figures matched figures disclosed in Love. Dkt. 75 ¶¶ 201-203. Even leaving aside the supposition and attorney argument inherent in BL's pleading, BL has failed to plead knowledge of the allegedly *specific* material information, much less any evidence of a deliberate decision to withhold that knowledge. Instead the "who" must be someone specific who knew of the particular information in the references alleged to be material to the claims and who deliberately decided to withhold that knowledge. *See, e.g., Exergen*. at 1330; *FMC Corp.*, 835 F.2d at 1415.

BL accordingly fails to sufficiently plead the "who" requirement.

### 2. BL Fails To Adequately Plead Intent

Because BL does not set forth "who" allegedly committed the inequitable conduct with respect to these references, the Court cannot assess whether any specific individual acted with the requisite deceptive intent. BL makes two attempts to plead intent. *First*, with respect to all four individuals, BL makes the following conclusory, boilerplate recitation:

> *The failure to cite [the Love references] during prosecution of any of the asserted patents in the '812 patent family was a material omission and/or misrepresentation to the Patent Office, and a failure to comply with the duty of candor and good faith.* Upon information and belief, Carl Hansen's, Michael Rubin's, Carol Francis's, and Thomas Cawley, Jr.'s failure to disclose this prior art was intentional, and with the intent to deceive the Patent Office.

Dkt. 75 ¶ 233 (emphasis added). Merely stating there was an intent to deceive the PTO, without supporting facts, does not make it so. *Ashcroft*, 556 U.S. at 678. ("a formulaic recitation of the elements of a cause of action will not do.").

*Second*, with respect to Dr. Hansen, BL pleads that "Dr. Hansen was well aware of the threat that Love posed to his patent applications." Dkt. 75 ¶ 201. This is nothing but baseless attorney argument. *Friends of the Earth,* 2018 WL 10613016, at *3; *see also Diamond State Ins. Co.*, 2012 WL 6680259, at *15. Notably, BL does not cite anything in support of this unsubstantiated statement. Accordingly, BL's IC claims must fail because they do not permit the Court "to reasonably infer that any specific individual both knew of the invalidating information and had a specific intent to deceive the PTO." *Abaxis II*, 2011 WL 3741501, at *4. Even if BL adequately

alleged that (1) a specific individual knew of a reference, (2) should have known of its materiality, and (3) decided not to submit it to the PTO—and it has not—more is required to prove "specific intent to deceive." *See Therasense*, 649 F.3d at 1290; *see also Abaxis II*, 2011 WL 3741501, at *6. BL's pleading—which does not even allege "who" deceived the PTO—falls far short of that standard.

As such, the pleading is deficient and should be dismissed/stricken.

### D.    BL Fails To Plead With The Requisite Particularity That The '408 Patent Family Is Unenforceable Based On The Alleged Withholding Of Balagadde

BL fails to plead the requisite "who," "what," and "how" and, therefore, fails to plead deceptive intent for the alleged withholding of the Balagadde reference.

#### 1.    BL Fails To Adequately Plead The "Who" Requirement

As with its other allegations, BL merely lists names of individuals involved in the prosecution of the '408 patent family who allegedly had knowledge of the Balagadde reference. *See* Dkt. 75 ¶¶ 47-48. BL, however, does ***not*** plead that any of the listed individuals were aware of the specific information that BL alleges to be material in Balagadde. Specifically, BL generically pleads that "Balagadde was known to Dr. Hansen and Applicant's counsel Carol Francis, Michael Rubin, and Thomas Cawley, Jr. during prosecution of the patents in the '408 patent family." *See id.* ¶ 48. BL attempts to attribute specific knowledge of "the alleged material information" in the 102 pages of Ballagadde to Dr. Hansen by stating that "Balagadde is Dr. Hansen's own patent application." *Id.* ¶ 57. This is not sufficient to establish awareness of the alleged material information. *See Exergen*, 575 F.3d. at 1330 ("A reference may be many pages long, and its various teachings may be relevant to different applications for different reasons."). The "who" is not established solely by an applicant's status as an inventor. BL does not allege any facts connecting any of the listed individuals to the specific material information nor demonstrating that they *deliberately withheld* the alleged material information. As explained above, mere general knowledge of a reference is not enough to satisfy the pleading requirement. BL's failure to plead that the accused individuals knew of the specific material information is the same problem addressed in *Exergen*. *See* 575 F.3d at 1331. BL's pleading fails for the same reason.

### 2. BL Fails to Adequately Plead The "What" Requirement

To satisfy the "what" requirement, BL's pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to." *Exergen*, 575 F.3d at 1329. BL only vaguely asserts:

> For each independent claim in the '408 patent family, Balagadde discloses or suggests the step of that claim that the Examiner stated was absent from the prior art when stating the reason for allowance of the claim.

Dkt. 75 ¶ 58. BL's pleading, however, provides no pleading of any information, let alone with particularity, regarding "the step of that claim" for any patent in the '408 patent family. This is insufficient.

### 3. BL Fails To Adequately Plead The "How"/"Why" Requirement

BL's pleading again fails to satisfy the "how"/"why" requirement. BL only vaguely asserts that "Balagadde discloses or suggests the step of that claim that the Examiner stated was absent." Dkt. 75 ¶ 58. But BL does not allege any facts, let alone with particularity, regarding how Balagadde is material to and specific claims or claim elements and not cumulative to the art of record. BL accordingly also fails to sufficiently plead the "how" (and "why") requirement.

### 4. BL Fails To Adequately Plead Intent

Any one of these deficiencies (*i.e.*, the "who," "what," and "how") in BL's pleading leaves the Court unable to infer the requisite intent. As explained above, under *Exergen*, a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *See* 575 F.3d at 1328-29. Here, BL's discussion of intent with respect to Balagadde is limited to the following two sentences:

> The failure to cite the Balagadde prior art reference during prosecution of any of the asserted patents in the '408 patent family was a material omission and/or misrepresentation to the Patent Office, and a failure to comply with the duty of candor and good faith. Upon information and belief, Carl Hansen's, Carol Francis's, Michael Rubin's, and Thomas Cawley, Jr.'s failure to disclose this prior art was intentional, and with the intent to deceive the Patent Office.

Dkt. 75 ¶ 61. BL's pleading is a mere repetition of the legal standard without providing *any* facts allegedly supporting a specific intent to mislead the PTO. This is insufficient.

Additionally, to the extent that BL is arguing that intent can be inferred from the fact that Balagadde was disclosed in the prosecution of the '812 patent family, that argument also fails under *Exergen*. As the Federal Circuit explained:

> The mere fact that an applicant disclosed a reference during prosecution of one application, but did not disclose it during prosecution of a related application, is insufficient to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct.

575 F.3d at 1331. Accordingly, BL's intent argument that individuals with a duty of candor were merely aware of Balagadde without a pleading of specific intent is similarly insufficient.

As such, the pleading is deficient and should be dismissed/stricken.

### E. BL Fails To Plead With The Requisite Particularity That The '408 Patent Family Is Unenforceable Based On Alleged Misrepresentations Concerning Daridon

BL fails to plead the requisite "who" and "how," and, therefore, fails to plead the requisite deceptive intent for the alleged misrepresentation of the Daridon reference.

#### 1. BL Fails To Adequately Plead The "Who" Requirement

Although BL pleads that deceased prosecuting attorney Michael Rubin allegedly misrepresented Daridon (Dkt. 75 ¶¶ 66, 73), it fails to allege any facts that Mr. Rubin was aware of the particular information in Daridon that was allegedly contrary to his statement or that his statement was purportedly a misrepresentation. The only attempt made by BL to establish Mr. Rubin's knowledge of Daridon is to state, without any basis, that Mr. Rubin must have read the entire 148-page disclosure since he responded to the Examiner's office action. *See id.* ¶ 73. Moreover, BL's own pleading suggests that it does not have any understanding as to "who" allegedly misrepresented Daridon to the Patent Office. BL states that "Whatever 'Applicant's representatives' discussed regarding Daridon's methods for recovering cells, they did not tell the whole truth. Either Mr. Rubin again knowingly misrepresented Daridon's disclosure in the interview or knowingly allowed one of his clients or co-counsel to do so." *Id.* ¶ 78. This is insufficient to establish the "who." *Exergen*, 575 F.3d at 1330 ("[O]ne cannot assume that an individual, who

generally knew that a reference existed, also knew of the specific material *information* contained in that reference."). And, this is fatal to BL's pleading. *See Senju Pharm.*, 921 F. Supp. 2d at 307 (failure to plead even one of "who, what, when, where, and how," with particularity is fatal under Rule 9(b)).

### 2. BL Fails To Adequately Plead The "How"/"Why" Requirement

Here, even assuming solely for purposes of this motion that Mr. Rubin's statement regarding Daridon (Dkt. 75 ¶¶ 66, 73) was inaccurate, BL's own pleading establishes that the Examiner was well aware of the Daridon reference. Specifically, BL admits that "Daridon was cited by the Examiner during prosecution of the application that issued as the '408 patent." *Id.* ¶ 65 (citing the Examiner's citation to specific figures in Daridon in a July 29, 2016 rejection). This is fatal to BL's claim. *See Exergen*, 575 F.3d at 1330.

"It is well established that '[a]n applicant cannot be guilty of inequitable conduct if the reference was cited to the examiner, whether or not it was a ground of rejection by the examiner.'" *Takeda Pharm. Co. v. TWi Pharm., Inc.*, 87 F. Supp. 3d 1263, 1286 (N.D. Cal. 2015) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1327 (Fed. Cir. 2000)). This is because where the Examiner has the allegedly material reference, he or she is "free to credit or discount [the applicant's] characterization of [the prior art] in view of their own readings." *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, 535 (D. Del. 2012) (citing MPEP § 716.01(c).); *see also Akzo v U.S. Int'l Trade Comm'n,* 808 F.2d 1471, 1482 (Fed. Cir. 1986) ("The mere fact that Du Pont attempted to distinguish the Blades process from the prior art does not constitute a material omission or misrepresentation. The examiner was free to reach his own conclusion regarding the Blades process based on the art in front of him."). Here, it is undisputed that the Examiner was not only aware of Daridon but specifically relied upon it during prosecution of the application that issued as the '408 patent to issue rejections. Mr. Rubin's attempt to distinguish the reference cannot be a material misrepresentation because the Examiner was free to reach his own conclusion based on the art in front of him.

### 3. BL Fails To Adequately Plead Intent

Based upon these failures, BL has failed to adequately plead intent. BL attempts to plead intent in two places:

*First*, BL's amended counterclaims adds in baseless attorney argument in an attempt to attribute intent to the deceased Mr. Rubin:

- Mr. Rubin "withheld that information from the Examiner *to take advantage of the fact that the Examiner did not understand* that the independent claims were not patentable over Daridon"

- "Mr. Rubin *intentionally misled* the Examiner by representing that Daridon did not disclose a method of recovering a cell from an individual chamber of microfabricated device."

- "Mr. Rubin cancelled the two dependent claims *to lead the Examiner away from Daridon.*"

- "Upon information and belief, Mr. Rubin's misrepresentations were *intentional, and with the intent to deceive the Patent Office.*"

Dkt. 75 ¶¶ 87, 102. (emphasis added). Each statement attempting to plead a sinister cast onto the deceased Mr. Rubin's actions is pure attorney argument with no basis in fact. Indeed, BL does not cite anything in support of its speculation. *Friends of the Earth,* 2018 WL 10613016, at *3; *see also Diamond State Ins. Co.*, 2012 WL 6680259, at *15.

*Second*, BL pleads intent in conclusory fashion:

> Had the Examiner understood Daridon's disclosure and not been deceived, the claims would not have issued. On information and belief, the statements were made with knowledge of their falsity.

Dkt. 75 ¶ 99. As an initial matter, this general allegation fails to state a claim under *Exergen. See* 575 F.3d at 1328-29 (Intent requires that "a specific individual . . . withheld or misrepresented this information with a specific intent to deceive the PTO."). BL alleges no facts from which the Court can infer that Mr. Rubin's alleged misstatement was made with "a specific intent to deceive the PTO." Moreover, as discussed above, the Examiner fully considered the Daridon reference during prosecution. As a matter of law, the intent requirement is not met based on alleged erroneous statements where, as here, the Examiner had the reference and "its import had been 'significantly and actively debated.'" *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331 (Fed. Cir. 2004).

As such, the pleading is deficient and should be dismissed/stricken.

## F. BL Fails To Plead With The Requisite Particularity That Several Patents In The '408 Patent Family Are Unenforceable Based On Alleged Withholding of the '812 Patent Family and Hansen 2010

BL's new withholding argument based on "the '812 Patent family" and Hansen 2010 should be stricken for violating the Court's Order and Rule 15 as discussed above. In addition, BL fails to plead the requisite "who," "what," and "how" and, therefore, fails to plead deceptive intent for the alleged withholding of the "the '812 family" and Hansen 2010.

### 1. BL Fails To Adequately Plead The "Who" Requirement

As with its other allegations, BL merely lists names of individuals involved in the prosecution of the '408 patent family who allegedly had knowledge of the "the '812 family" and Hansen 2010. *See* Dkt. 75 ¶¶ 132-133. Specifically, BL's pleading of knowledge is the following two sentences that, at best, plead only general knowledge of Hansen 2010 and "the '812 family."

> Dr. Hansen has full knowledge of the content of the Hansen 2010 article. . . . Dr. Hansen also has full knowledge of the content of the '812 family . . . as do Applicant's counsel Carol Francis, Michael Rubin, and Thomas Cawley, Jr., who each filed at least one of the applications in that family.

*Id.* BL's pleading with respect to Dr. Hansen is just that he is an author on Hansen 2010 and "the '812 family" and therefore has general knowledge of both. This is insufficient as BL has failed to plead the "who" as it fails to show awareness of the specific allegedly material information. *See Exergen*, 575 F.3d. at 1330-31 ("A reference may be many pages long, and its various teachings may be relevant to different applications for different reasons."). Even worse, BL's pleading with respect to Carol Francis, Michael Rubin, and Thomas Cawley, Jr. is to copy the names of every attorney they could find in the prosecution history and then make a formulaic pleading of general knowledge. *See* Dkt. 75 ¶¶ 120, 121, 133-135, 138. Merely copying every attorney's name, without some factual basis, does not satisfy the "who" pleading requirement.

BL's pleading also fails because it does not aver that anyone knew of the allegedly *specific* material information or that anyone deliberately decided to withhold that knowledge. *See, e.g.*, *Exergen*, 575 F.3d at 1330; *FMC Corp.*, 835 F.2d at 1415. Thus BL's pleading also fails because it does not aver knowledge of the specific information or any deliberate decision to withhold it.

2.    BL Fails To Adequately Plead The "What" Requirement

BL fails to plead the "what" requirement. To satisfy the "what" requirement, BL's pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to." *Exergen*, 575 F.3d at 1329.

*First*, BL has failed to explain what it means by "the '812 patent family." While BL generally pleads that "the '812 patent family is prior art to" patents in the '408 patent family, this is pure attorney argument. BL does not explain what actual document or documents it is referring to as "the '812 patent family" that are allegedly prior at to any patent in the '408 patent family. Specifically, BL does not even try to plead that any document that it calls "the '812 patent family" was publicly available at a relevant date. This failure is fatal to BL's pleading regarding "the '812 patent family."

*Second*, to satisfy the "what" requirement, BL's pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to." *Exergen*, 575 F.3d at 1329. BL neither identifies the specific information in Hansen 2010 or "the '812 family," nor the claims or claim limitations the references are relevant to. Instead, the BL only vaguely asserts:

> The '812 family of patents and the Hansen 2010 article disclose, among other things, capturing on beads the antibodies secreted by antibody-secreting cells in microfluidic chambers. The disclosures in the '812 family of patents and the Hansen 2010 article are material prior art to at least some of the claims in the '408 patent family.

Dkt. 75 ¶ 136. BL's pleading provides no pleading of any information, let alone with particularity, regarding "the step of that claim" for any patent in the '408 patent family. This is insufficient.

3.    BL Fails To Adequately Plead The "How"/"Why" Requirement

BL's pleading again fails to satisfy the "how"/"why" requirement. This requirement is not satisfied when the pleading "does not identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *See Exergen*, 575 F.3d at 1329. As the Federal Circuit explained, "[s]uch allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329-30. Here, BL's pleading is merely identical formulaic recitations of the requirement with no substance.

PLAINTIFFS' MOTION TO DISMISS AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS

Had the '408 patent family Examiner been aware of the '812 patent family, at least some of the claims in the asserted patents of the '408 patent family (including the '936, '018, and '270 patents) and some of the claims in U.S. Patent Application No. 16/897,782 would not have been allowed. Dkt 75 ¶ 141.

Had the '408 patent family Examiner been aware of the Hansen 2010 article, at least some of the claims in the asserted patents of the '408 patent family (including the '936, '018, and '270 patents) and some of the claims in U.S. Patent Application No. 16/897,782 would not have been allowed. Dkt 75 ¶ 142.

Nothing in BL's pleading provides any identification of the particular claim limitations that are supposedly absent from the information of record, why the withheld information is allegedly material and not cumulative, and how the examiner would have allegedly used the withheld information in assessing the patentability of the claims. Each of these failings is an independent reason to dismiss BL's pleading under the "how"/"why" requirement.

### 4. BL Fails To Adequately Plead Intent

Any one of these deficiencies (*i.e.*, the "who," "what," and "how"/"why") in BL's pleading leaves the Court unable to infer the requisite intent. As explained above, under *Exergen*, a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *See* 575 F.3d at 1328-29. Here, BL's discussion of alleged intent with respect to Hansen 2010 or "the '812 family" is limited to the following two identical formulaic recitations of the standard:

The failure to cite the '812 patent family during prosecution of any of the asserted patents in the '408 patent family was a material omission and/or misrepresentation to the Patent Office, and a failure to comply with the duty of candor and good faith. Upon information and belief, Carl Hansen's, Carol Francis's, Michael Rubin's, and Thomas Cawley, Jr.'s failure to disclose this prior art was intentional, and with the intent to deceive the Patent Office. Dkt. 75 ¶ 144.

The failure to cite Hansen 2010 during prosecution of any of the asserted patents in the '408 patent family was a material omission and/or misrepresentation to the Patent Office, and a failure to comply with the duty of candor and good faith. Upon information and belief,

Carl Hansen's failure to disclose this prior art was intentional, and with the intent to deceive the Patent Office. Dkt. 75 ¶ 145.

BL's pleading is a mere repetition of the legal standard without providing *any* facts allegedly supporting a specific intent to mislead the PTO. This is insufficient. Accordingly, BL's intent argument that individuals with a duty of candor were merely aware of Hansen 2010 or "the '812 family" without a pleading of specific intent is similarly insufficient.

As such, the pleading is deficient and should be dismissed/stricken.

## CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice and strike the Eighth Affirmative Defense and Counterclaim Count III set forth in BL's Answer and Second Amended Counterclaims (Dkt. 75).

DATED: August 5, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Brian C. Cannon*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Brian C. Cannon (Cal. Bar No. 193071)
briancannon@quinnemanuel.com
Bingxue (Allison) Que (Cal. Bar No. 324044)
allisonque@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2129
(650) 801-5055

Eric C. Stops (admitted *pro hac vice*)
ericstops@quinnemanuel.com
F. Dominic Cerrito (admitted *pro hac vice*)
nickcerrito@quinnemanuel.com
Angus Chen, Ph. D. (admitted *pro hac vice*)
anguschen@quinnemanuel.com
Brian P. Biddinger (Cal. Bar No. 224604)
brianbiddinger@quinnemanuel.com
Krista M. Rycroft (admitted *pro hac vice*)
kristarycroft@quinnemanuel.com
Catherine T. Mattes (admitted *pro hac vice*)
catherinemattes@quinnemanuel.com

Brian J. Forsatz, Ph.D. (admitted *pro hac vice*)
brianforsatz@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7120

Nathan Sun (Cal. Bar No. 284782)
nathansun@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

*Attorneys for Plaintiffs AbCellera Biologics Inc.
and The University of British Columbia*

PLAINTIFFS' MOTION TO DISMISS AFFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021 I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to all parties who have appeared in this matter.

DATED: August 5, 2021

By */s/ Brian C. Cannon*
     Brian C. Cannon